Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
BREANNA GOLDEN

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREANNA GOLDEN,<br><br>    Plaintiff,<br><br>vs.<br><br>FREEDOM FINANCIAL ASSET MANAGEMENT, LLC,<br><br>    Defendant, | Case No.: '22CV338 BEN NLS<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. BREANNA GOLDEN (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against FREEDOM FINANCIAL ASSET MANAGEMENT, LLC (hereinafter referred to as "FFAM" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq*.,

("TCPA"), and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also,

---

[1] CA Civil Code §§ 1788.1(a)-(b)

*Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all

or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. On information and belief, Plaintiff alleges that Defendant FREEDOM FINANCIAL ASSET MANAGEMENT, LLC ("FFAM") is a Delaware limited liability company, with its headquarters located in Tempe, AZ. FFAM contracts with consumers to negotiate settlements of their unsecured consumer debts for a fee. FFAM is the largest debt-settlement services provider in the United States.

15. FFAM is an institutional-affiliated party of CROSS RIVER BANK TEANECK, NEW JERSEY ("CRB"). Through their FDIC insured banking affiliate CRB, Defendant offers consumer loans to pay negotiated settlements to their clients' consumer credit accounts, FFAM's fees, a prepaid finance charge, and accrued interest. CRB contracts with FFAM to conduct the marketing, underwriting, and servicing of their Freedom Plus Loans. CRB approves the underwriting criteria, marketing materials, and loan documentation used in the Freedom Plus Loan program, yet delegates all servicing of the Freedom Plus Loan products to FFAM.

16. Therefore, a significant portion of FFAM's business operations are dedicated to servicing debt, including consumer loans such as the Freedom Plus loan product,

used to consolidate and/or settle consumers credit card and other consumer unsecured debts. Part of FFAM's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due debts.

17. Defendant FFAM regularly attempts to collect through the use of mails, electronic communication, and the telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

18. When individuals owe Defendant FFAM debts for regular monthly payments on their consumer loan products, and other similar obligations, Defendant FFAM collects on those consumer debts owed to it through the mail, electronic communication, and telephone. Therefore, Defendant FFAM is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Defendant is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an artificial or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**GENERAL ALLEGATIONS**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs,

*Golden v. Freedom Financial - Complaint for Damages*

inclusive, as if fully set forth herein.

24. On or about December 30, 2019, Plaintiff was issued a Freedom Plus loan by Defendant FFAM, with a principal loan amount of $30,000, with interest, loan origination fees, and other finance charges totaling a repayment amount due of $45,454.26.  Said Freedom Plus Loan was issued by Defendant FFAM to Plaintiff, and said debt was incurred for personal, family, or household purposes, thus said FFAM Freedom Plus Loan Account was a consumer debt resulting from a consumer credit transaction as those terms are defined by Cal. Civ. C. § 1788.2.  The aforementioned Freedom Plus Loan Account was issued by FFAM's affiliate CRB, yet serviced, and collected upon by Defendant FFAM.

25. Plaintiff made payments toward the aforementioned FFAM Freedom Plus Loan Account when she took said consumer loan out with her co-borrower husband, and maintained good standing until Plaintiff fell on financial hardship and was unable to maintain the regular $1,252.03 monthly payments.

26. Upon going into default on said FFAM Freedom Plus Loan Account, agents for FFAM called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

27. The aforementioned collection calls were made to Plaintiff's cellular telephone.

28. In response, Plaintiff sought out and retained an attorney to represent her with regards to the debt allegedly owed to FFAM.

29. On December 10, 2021, an associate attorney at BLC Law Center, APC drafted and mailed via a third-party mailing service three (3) copies of a Cease-and-Desist letter ("December 10, 2021 Letters"), addressed to three (3) of Defendant's different mailing addresses.  The three December 10, 2021 Letters were mailed to: 2114 S Freedom Way, Tempe, AZ 85281-6230; 2114 E Rio Salado Pkwy, Tempe, AZ 85281-3002; and 1875 South Grant Street, Suite 400, San Mateo, CA 94402-2676, respectively.  In said December 10, 2021 Letters,

Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her regarding any debt, including the aforementioned FFAM Freedom Plus Loan account via any manner, including but not limited to the use of an ATDS, that Plaintiff had retained Counsel, and that FFAM needed to cease calling Plaintiff pursuant to the RFDCPA.  Said December 10, 2021 Letters referenced the last four digits of Plaintiff's social security number in order to help FFAM identify the Plaintiff's account.

30. Said December 10, 2021 Letter clearly informed FFAM that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and a request was thereby made by Plaintiff's Counsel that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said December 10, 2021 Letters clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

31. Despite Defendant receiving receipt of the Plaintiff's Attorney's Letters dated December 10, 2021, Defendant continued to willfully call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

32. On February 23, 2022, Plaintiff's Counsel sent another fourth Cease-and-Desist letter to the address designated in the Parties' Freedom Plus Loan Agreement to revoke consent for FFAM to telephone Plaintiff via the use of the an ATDS and/or Prerecorded voice ("February 23, 2022 Letter").  The February 23, 2022 Letter was mailed by a third-party mailing service to Defendant at: 4940 S Wendler Dr, Ste 210, Tempe, AZ 85282-6313.

33. Despite, receipt of the aforementioned four (4) letters sent to four different

addresses owned and operated by Defendant, representatives of FFAM have still continued to call Plaintiff repeatedly to date. FFAM's representatives have called Plaintiff in excess of one-hundred (100) times since December 10, 2021 on her cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message and/or artificial voice.

34. Further, since receipt of the December 10, 2021 Letters sent by Plaintiff's Counsel demanding that FFAM cease from contacting Plaintiff, FFAM has also sent multiple collection letters to Plaintiff during said time period.

35. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to FFAM, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

36. Despite having received Plaintiff's December 10, 2021 and February 23, 2022 Letters sent to Defendant's address for correspondences, FFAM continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS and/or artificial and/or recorded voice.

37. FFAM has contacted Plaintiff on her cellular telephone over one-hundred (100) times since December 10, 2021, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

38. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

39. The multiple calls made by Defendant or its agents after December 10, 2021 were therefore made in violation of 47 U.S.C. § 227(b)(1).

40. Despite receipt of all four (4) of Plaintiff's Attorney's Letters sent to Defendant's mailing addresses, which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained

Counsel regarding these alleged debts, Defendant FFAM continues to contact Plaintiff repeatedly to date.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations of California Rosenthal Fair Debt Collection Practices Act

### (California Civil Code § 1788.14(c))

41. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

42. When Plaintiff's Counsel sent the December 10, 2021 and February 23, 2022 Letters to FFAM, Defendant FFAM was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting her rights not to be contacted directly regarding the subject debt owed to and/or serviced by FFAM.

43. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

44. By calling Plaintiff on her cellular phone over 100 times after receipt of the December 10, 2021 Letters from Plaintiff's Counsel, FFAM violated Cal. Civ. Code §1788.14(c).

45. As a result of the constant collection calls by FFAM, Plaintiff has experienced

anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by FFAM are overwhelming. Therefore, Plaintiff has suffered actual damages as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

46. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

47. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

48. Therefore, Defendant's acts of calling Plaintiff over 100 times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.

## SECOND CAUSE OF ACTION

## Negligent Violations of the TCPA

**(47 U.S.C. § 227 *et. seq.*)**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

50. Through the December 10, 2021 and February 23, 2022 Letters sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for FFAM or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

51. The foregoing acts and omissions of FFAM constitutes numerous and multiple

negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

52. As a result of FFAM'Ss negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### III.
### THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

54. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

55. Through the December 10, 2021 and February 23, 2022 Letters sent by Plaintiff's Counsel to FFAM's corporate headquarters, Plaintiff revoked any alleged consent for the FFAM or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

56. The foregoing acts of the FFAM constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

57. Therefore, since FFAM or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, FFAM's acts were willful.

58. As a result of FFAM'S knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for each and every one of FFAM's over one-hundred (100) knowing and/or willful

violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant FREEDOM FINANCIAL ASSET MANAGEMENT, LLC herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over one-hundred (100) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

g. For such other and further relief as the Court may deem just and proper.

Dated: March 14, 2022        By:   */s/ Ahren A. Tiller*
                                   Ahren A. Tiller, Esq.
                                   BLC Law Center, APC
                                   Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: March 14, 2022    By:    */s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorneys for Plaintiff